IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>HOSAM SAAD AL-BADERI,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART [9] MOTION FOR EARLY TERMINATION**<br><br>Case No. 2:17-cr-00219-DN<br><br>District Judge David Nuffer |

Defendant Hosam Saad Al-Baderi filed a motion requesting early termination of his supervised release ("Motion").[1] Mr. Al-Baderi pleaded guilty to the following charge: Financial Transaction to Promote Unlawful Activity and Aiding and Abetting.[2] He was sentenced to 24 months of incarceration and 36 months of supervised release.[3] Mr. Al-Baderi has served the period of incarceration imposed and has completed over 24 months of supervised release.[4] On October 30, 2017 and November 6, 2017, Mr. Al-Baderi submitted urine specimens which tested positive for cannabinoids.[5] Although Mr. Al-Baderi denied smoking marijuana, he admitted that he did consume dried apricots that had been infused with marijuana.[6] Mr. Al-Baderi was placed on a random drug testing program, but based upon his limited substance abuse history, no further

---

[1] Motion for Early Termination of Probation ("Motion"), docket no. 9, filed Jan. 9, 2019.

[2] Judgment in a Criminal Case, docket no. 2-2, filed Apr. 17, 2017.

[3] *Id*.

[4] Motion at 1-2, docket no. 9. Mr. Al-Baderi's regularly scheduled expiration date is December 1, 2019.

[5] Report on Offender Under Supervision, docket no. 7, filed Nov. 16, 2017.

[6] *Id*.

adverse action was taken.[7] Aside from this incident, Mr. Al-Baderi has been compliant with the terms of his supervised release.

In response to the Motion, the U.S. Probation Officer submitted a Report on Offender Under Supervision.[8] The Probation Officer supports early termination and states that Mr. Al-Baderi meets the criteria for early termination endorsed by the Judicial Conference:

> stable community reintegration, progressive strides toward supervision objectives and in compliance with all conditions of supervision, no aggravated role in the offense of conviction, particularly large drug or fraud offenses, no history of violence, no recent arrests or convictions, no recent evidence of alcohol or drug abuse, no recent psychiatric episodes, no identifiable risk to the safety of any identifiable victim and no identifiable risk to public safety.[9]

The Probation Officer further confirms that the only issue of non-compliance occurred in November 2017, when Mr. Al-Baderi tested positive for marijuana, and that Mr. Al-Baderi has not tested positive again.[10]

The United States opposes early termination, arguing that Mr. Al-Baderi committed a serious crime and should be required to fulfill the full term of his sentence.[11] The United States further suggests that continued supervision will assist Mr. Al-Baderi in maintaining the progress that he has made and help ensure that he does not re-engage in criminal activity.[12]

Under 18 U.S.C. § 3583(e)(1), the court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the

---

[7] *Id*.

[8] Docket no. 13, filed Feb. 12, 2019.

[9] *Id*.

[10] *Id*.

[11] Opposition to Motion for Early Termination of Supervised Release ("Opposition"), docket no. 12, filed Jan. 29, 2019.

[12] *Id*. at 2-3.

interest of justice."[13] The factors to consider in evaluating early termination of supervised release include several of the factors considered in imposing a sentence:

- the nature and circumstances of the offense and the history and characteristics of the defendant;[14]

- the need for the sentence imposed to afford adequate deterrence to criminal conduct;[15]

- the need for the sentence imposed to protect the public from further crimes of the defendant;[16]

- the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;[17]

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;[18] and

- the need to provide restitution to any victims of the offense.[19]

Mr. Al-Baderi's progress is commendable. He is employed full time, in a stable relationship, and has not incurred any new criminal charges.[20] Continued supervised release does not appear necessary to protect the public from further crimes or to avoid unwarranted sentence disparities.[21] Similarly, Mr. Al-Baderi's lack of criminal history weighs in favor of a modified term of supervised release. Nonetheless, Mr. Al-Baderi committed a serious crime and some

---

[13] 18 U.S.C. § 3583(e)(1).

[14] *Id.* (cross referencing 18 U.S.C. § 3553(a)(1)).

[15] *Id.* (cross referencing 18 U.S.C. § 3553(a)(2)(B)).

[16] *Id.* (cross referencing 18 U.S.C. § 3553(a)(2)(C)).

[17] *Id.* (cross referencing 18 U.S.C. § 3553(a)(2)(D)).

[18] *Id.* (cross referencing 18 U.S.C. § 3553(a)(6)).

[19] *Id.* (cross referencing 18 U.S.C. § 3553(a)(7)).

[20] Motion, docket no. 9; Report on Offender under Supervision, docket no. 13.

[21] The court may impose a term of supervised release of not more than 36 months. 18 U.S.C. § 3583(b)(2). The guideline range for Mr. Al-Baderi's offense is 12 to 36 months of supervised release. USSG § 5D1.2(a)(2). If early termination is granted, Mr. Al-Baderi will have completed a term of supervised release within the guideline range.

3

additional supervision is appropriate in order to ensure adequate deterrence to criminal conduct and to promote Mr. Al-Baderi's continued success.

THEREFORE, IT IS HEREBY ORDERED that the Motion[22] is GRANTED IN PART. Mr. Al-Baderi shall remain in compliance with the terms of his supervised release. In the event that there are no further violations of his supervised release, Mr. Al-Baderi's supervised release shall be terminated on June 30, 2019.

Dated February 12, 2019.

BY THE COURT:

David Nuffer
United States District Judge

---

[22] Docket no. 9.